# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 12CR2967 WQH |
| Plaintiff, | ORDER |
| vs. | |
| BRAULIO GONZALEZ-TEJEDA, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion to reconsider Defendant's Motion to Dismiss the Indictment due to an invalid deportation in light of *Descamps v. United States*. (ECF No. 46).

On March 4, 2013, this Court entered an order denying Defendant's motion to dismiss the indictment due to an invalid deportation. (ECF No. 33). The Court found that the "Immigration Judge correctly advised the Defendant that he was subject to removal" for an aggravated felony under 8 U.S.C. § 1011(a)(43)(B)[1] based upon his 1998 state conviction for possession of a controlled substance with intent to distribute in violation of Washington Revised Statute § 69.50.401A. Using the modified categorical approach set out in *Taylor v. United States*, 495 U.S. 575 (1990), the Court concluded that "the charging document, statement of facts on guilty plea, and the guilty plea colloquy conclusively establish that the [1998 Washington] conviction involved

---

[1] 8 U.S.C. § 1101(a)(43)(B) provides that the term "aggravated felony" means "illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)."

- 1 - <span style="float:right">12CR2967 WQH</span>

methamphetamine, a controlled substance as defined in section 802 of Title 21." *Id*. at 6. The Court concluded that "the Defendant's admissions in the 1998 possession with intent to deliver offense satisfy the elements of intent to distribute under [21 U.S.C.] §841(a)(1)." *Id.*

On May 2, 2013, Defendant entered a plea of guilty to the indictment and sentencing was set for July 29, 2013. (ECF No. 42).

On July 15, 2013, Defendant filed a motion to reconsider Defendant's motion to dismiss the indictment due to an invalid deportation in light of *Descamps v. United States*, 133 S.Ct. 915 (2013), an order filed by the United States Supreme Court on June 20, 2013. (ECF No. 46). Defendant asserts that this District Court erred in using the modified categorical approach in light of *Descamps* to determine whether Defendant's admitted conduct would constitute a federal drug trafficking offense. Defendant asserts that RCW § 69.50.401A is an "indivisible, over broad drug statute that can never qualify as a drug trafficking offense." (ECF No. 46-1 at 3). Defendant explains that RCW § 69.50.401A is indivisible because the type of controlled substance is not an element of the offense. Defendant asserts that the type of controlled substance involved in a violation of RCW § 69.50.401 is a "legally extraneous circumstance" of the offense which cannot be used to increase a defendant's maximum sentence. *Id.*

On August 1, 2013, the Government filed a response to the Defendant's motion for reconsideration. (ECF No. 55). The Government contends that RCW § 69.50.401A enumerates five separate groups of drugs in the disjunctive and that this statute is a prime example of a divisible statute subject to the modified categorical analysis. The Government asserts that the statute is divisible because it contains a finite list of definitions which meet the controlled substance element. The Government asserts that the plain language of the statute, the Washington model jury instructions, and Washington case law establish that the drug type is an essential element of a violation of RCW § 69.50.401A and that proof of a qualifying drug type is required in order to sustain a conviction. The Government asserts that the modified categorical approach

allowed the court in this case to use a limited class of documents to determine whether Defendant's prior conviction matched the elements of the relevant generic offense.

## RULING OF THE COURT

In *Descamps v. United States*, 133 S.Ct. 915 (2013), the United States Supreme Court reexamined the limitations of the analysis set out in *Taylor v. United States*, 495 U.S. 575, 110 S.Ct. 2143 (1990) applied to determine whether a defendant's prior conviction meets the relevant generic federal offense. "Sentencing courts may 'look only to the statutory definitions'— i.e., the elements—of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'" *Descamps,* 133 S.Ct. 2284 quoting *Taylor*, 495 U.S. at 600, 110 S.Ct. 2143. The Supreme Court explained:

> We have previously approved a variant of this method—labeled (not very inventively) the "modified categorical approach"—when a prior conviction is for violating a so-called "divisible statute." That kind of statute sets out one or more elements of the offense in the alternative—for example, stating that burglary involves entry into a building or an automobile. If one alternative (say, a building) matches an element in the generic offense, but the other (say, an automobile) does not, the modified categorical approach permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction. The court can then do what the categorical approach demands: compare the elements of the crime of conviction (including the alternative element used in the case) with the elements of the generic crime.

133 S.Ct. at 2281. In *Descamps*, the Supreme Court addressed "whether sentencing courts may also consult those additional documents when a defendant was convicted under an 'indivisible' statute— i.e., one not containing alternative elements—that criminalizes a broader swath of conduct than the relevant generic offense." *Id*. The Supreme Court concluded that the modified categorical approach was limited to divisible statutes, that is, the "kind of statute [which] sets out one or more elements of the offense in the alternative" *Id.* at 2281 and does not apply to statutes that contain "a single 'indivisible' set of elements sweeping more broadly than the corresponding generic offense." *Id*. at 2283.

In this case, RCW § 69.50.401A(1)[2] states that "it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." RCW § 69.50.401A(2) enumerates five separate groups of controlled substances in the disjunctive which trigger a violation of the statute. The plain language of the statute, the requirements of the model Washington jury instructions, and Washington case law establish that proof of a qualifying controlled substance falling into one of the enumerated groups set forth in the statute is necessary in order to support a conviction. *See State v. Sibert*, 168 Wash.2d 306, 312 (2010) ("[T]he identity of the controlled substance in this case determined the level of the crime and its penalty, rendering it an 'essential element'... ").

The Court has reexamined the order entered on March 4, 2013 in light of *Descamps* and concludes again that "the Defendant's admissions in the 1998 possession with intent to deliver offense satisfy the elements of intent to distribute under §841(a)(1)." (ECF No. 33 at 6). *See Moncrieffe v. Holder*, 133 S.Ct. 1678, 1685 (2013) ("[T]o satisfy the categorical approach, a state drug offense must meet two conditions: It must 'necessarily' proscribe conduct that is an offense under the [Controlled Substance Act], and the [Controlled Substance Act] must 'necessarily' prescribe felony punishment for that conduct."). The Court concludes that RCW § 69.50.401A is a divisible statute subject to the modified categorical approach set forth in *Descamps*. The Court properly used "the charging document, statement of facts on guilty plea, and the guilty plea colloquy [to] conclusively establish that the [1998

---

[2]69.50.401. Prohibited acts: A--Penalties provides in part as follows:
(1) Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.
(2) Any person who violates this section with respect to:
(a) A controlled substance classified in Schedule I or II which is a narcotic drug or flunitrazepam, ...classified in Schedule IV, is guilty of a class B felony...;
(b) Amphetamine,... or methamphetamine, ..., is guilty of a class B felony...,
(c) Any other controlled substance classified in Schedule I, II, or III, is guilty of a class C felony...
(d) A substance classified in Schedule IV, except flunitrazepam,... is guilty of a class C felony ...; or
(e) A substance classified in Schedule V, is guilty of a class C felony....

Washington] conviction involved methamphetamine, a controlled substance as defined in section 802 of Title 21." (ECF No. 33 at 6). The Court compared "the elements of the crime of conviction ... with the elements of the generic crime." *Descamps,* 133 S.Ct. At 2181. Defendant's 1998 conviction under RCW § 69.50.401A for possession with intent to deliver methamphetamine necessarily proscribed conduct that is an offense under the Controlled Substance Act, and the Controlled Substance Act necessarily prescribe felony punishment for the conduct.

IT IS HEREBY ORDERED that the Motion to reconsider the Defendant's Motion to Dismiss the Indictment due to an invalid deportation in light of *Descamps v. United States* (ECF No. 46) is granted. Defendant's motion to dismiss the indictment is denied as set forth in ECF No. 33.

IT IS FURTHER ORDERED that sentencing in this case is set for September 9, 2013 at 2p.m.

DATED: August 15, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge